| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>KAREN TAYLOR, S.A.N.I.T.Y. INC.,<br><br>                          Plaintiffs,<br><br>   -against-<br><br>UNKECHEUG NATION, SHINNECOCK<br>NATION, BROOKHEAVEN [SIC] TOWNSHIP,<br>HARRY WALLANCE UNKECHEUG NATION<br>CHIEF, REGINA HUNT,<br><br>                          Defendants.<br>-----------------------------------------------------------X<br>KAREN TAYLOR, S.A.N.I.T.Y. INC.,<br>SANITY 7,<br><br>                          Plaintiffs,<br><br>   -against-<br><br>RONDEY MORRISON, WAYNE HARRIS,<br>BLANK INC., RONALD BELL, MR. MRS.<br>MANNING, KEISHA BELL, TARA PLUMMER,<br>HERB PLUMMER, MICHELLE JACKSON,<br>HUL HUL T.V., BET, BROOKLYN WEED<br>STORE, N.J. SHORE, BLACK INC.,<br><br>                          Defendants.<br>-----------------------------------------------------------X<br>KAREN TAYLOR,<br><br>                          Plaintiff,<br><br>   -against-<br><br>SIBEN & SIBEN, LLP, ANDREW B. SIBEN,<br>ANDREW J. SCHABER, ESQ., MASTIC ROAD<br>H.P. INC. D/B/A HANDY PANTRY, APRIL<br>DEROSA, TOWER GROUP,<br><br>                          Defendants.<br>-----------------------------------------------------------X | **For Online Publication Only**<br><br><br><br><u>MEMORANDUM AND ORDER<br>AND ORDER TO SHOW CAUSE</u><br>18-CV-3659 (JMA)(AKT)<br><br>**FILED<br>CLERK**<br>11/16/2018 4:57 pm<br>**U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE**<br><br><br><br><br><br><br>18-CV-3866 (JMA)(AKT)<br><br><br><br><br><br><br><br><br><br><br><br>18-CV-4548 (JMA)(AKT) |

**JOAN M. AZRACK, District Judge:**

       On June 25, 2018, July 3, 2018 and August 13, 2018, *pro se* plaintiff Karen Taylor filed *in*

*forma pauperis* complaints.[1]   The Court grants plaintiff's applications to proceed *in forma pauperis* pursuant 28 U.S.C. § 1915 solely for the purpose of this Order.   These complaints are consolidated under docket number 18-CV-3659(JMA)(SIL) and, for the reasons that follow, the complaints are dismissed.

## BACKGROUND

### I.   The Complaints[2]

As was noted above, plaintiff filed three (3) *in forma pauperis* complaints over the course of about six weeks.   Each of these complaints is incomprehensible, incoherent and frivolous.   For example, in the complaint assigned docket number 18-CV-3659 ("Compl. I"), plaintiff alleges that her claims are brought pursuant to 28 U.S.C. § 1983 ("Section 1983") and alleges the following facts, in its entirety:

> Health Care use Dun number under SHRM Organization 1800 Duke Street, Alexandria VA 22314 800-283-7476 x3443 fraud spoken to Director said the headquarter was in NY and would call VA local law enforcement.   People like Unkecheug Nation Harry Wallace used my Dun number for grant's housing over the years ect Shinnecock Nation to grant NY State Township NY Never given permission to nobody.   It all false and fraud bais crime in Mexico Arifcan.

(Compl. I at ¶ III.C.)   In the space on the form complaint that calls for a description of any claimed injuries, plaintiff alleges:

> Try to kill me.   Ruin medication by giving me disease I never had in my body by two doctor Kelly Steed Dr. Rheumatologist a false disease called T.B. and given

---

[1] The complaints assigned docket numbers 18-CV-3659 and 18-CV-3866 also include "S.A.N.I.T.Y. INC." and/or SANITY 7 as plaintiffs.   However, because only natural persons may proceed *pro se* in federal court, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries [] that a corporation may appear in the federal courts only through licensed counsel"), any claims brought by these entities are dismissed without prejudice.

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

> chemotherapy and never had no disease all in body.  K Eastern infection disease associate 14 Technology Dr. Ste. 10 East Setauket NY 11733 left me with illness no treatment scare of doctor's now.

(*Id.* ¶ IV.)  Although plaintiff alleges these injuries, she has left blank the space on the form complaint that calls for the relief sought.  (*Id.* ¶ V.)

Like Compl. I, the complaint assigned docket number 18-CV-3866 ("Compl. II") is incomprehensible.  In its entirety, the fact section alleges:

> Putting in writing that all T.V. HUL HUL under Sanity 7 please shut down I never did any N.J. Shore show or give any permission to use my 501C for any show or casino NY or NJ.  I have no dealing with any Morrison no Morrison have SANITY INC. or SANITY 7 no radio talk show KISS in VA No I never did any music industry Nothing.  I never sat down in a meeting with no Black Inc. (Black Inc.) Never.  I left my Passport at Light Company in Patchogue, NY with my IRS new code number PIN along with Jalena Cole information whom my daughter own of Little Rose Shop 120 Poospartuck Lane Mastic.  Wayne Harris, Rondeny Morrison, Ronnie Bell, Native Gas Station Bully Team, Eleazer Reggie Morrison has a weed store under my Dun # in Brooklyn alot of business in my SANITY 7 Amy Goodman Adams No biker club or no tatoo club no makeup with Bell or Manning Wallie Mannings.

(Compl. II ¶ II.)  In the space that calls for a description of any claimed injuries, plaintiff alleges:

> Ruin my health by blood urine test Doctor Nurse hack my phone so I don't get the right doctor or nurses redirector my phone calls.  Ruin my married Doc VA Jarrett Jail NA Rondey Morrison monopluzie my life and my husband Paul Taylor state radio one kiss.  Chief of Police in Richmond VA.  I never get treated at a doctor office.  I need medical attention real doctor Bladder kidney Graves Disease.

(*Id.* at ¶II.A.)  For relief, plaintiff alleges: "Sued jailed it not human to treat anybody in this way. God made us all to be equal and one nation.  They are animals belong in a jailed.  Hurt PP with disability NOT fair if you cant read well and no computer or phone's."  (*Id.* ¶ III.)

Finally, the complaint assigned docket number 18-CV-4548 ("Compl. III") is submitted on the Court's general complaint form and has an additional twenty (20) pages of attachments.  Like the other complaints, Compl. III is incomprehensible.  At best, the Court understands plaintiff to

complain that her attorneys, Siben & Siben, "foul[ed] up" an underlying state court case. (Compl. III generally, and at ECF Entry 1-1 at 2.)

## DISCUSSION

I. <u>Sufficiency of the Pleadings</u>

Where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted.) In *Denton*, the Supreme Court noted that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"It is axiomatic that district courts are required to read *pro se* complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City*

*of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As is readily apparent, none of the present complaints allege a plausible claim against any defendant. Even affording plaintiff's submissions a liberal construction, the Court finds that they lack an arguable basis in law and fact and are thus frivolous. Accordingly, the present complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. Filing Injunction

The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram*, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins,* 510 F.3d 152, 156 (2d Cir. 2007) (The ability to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit.") (internal quotation marks and citation omitted). The Second Circuit has long held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin-Trigona,* 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (preliminary injunction), *injunction made permanent,* 795 F.2d 9, 12 (2d Cir. 1986), *modified sub nom. Martin-Trigona v. Cohen,* 876 F.2d 307, 308 (2d Cir. 1989). The Second Circuit has upheld the district court's authority to issue a filing injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (internal quotations and citations omitted); *see also Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009); *Williams v. NYC Hous. Auth.*, No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor*

*Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

Here, plaintiff has filed three (3) frivolous *in forma pauperis* complaints within approximately six weeks. Plaintiff has unquestionably taxed the resources of this court because "[e]very paper [she has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989). Plaintiff has exceeded the reasonable access to the courts afforded her by the *in forma pauperis* statute and "abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *Lau*, 229 F.3d at 123. Thus, given plaintiff's persistence in filing frivolous *in forma pauperis* actions in this Court, plaintiff is now **ORDERED TO SHOW CAUSE, BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER TO SHOW CAUSE, WHY AN ORDER SHOULD NOT BE ENTERED BARRING THE ACCEPTANCE OF ANY FUTURE *IN FORMA PAUPERIS* COMPLAINT FOR FILING IN THIS COURT WITHOUT FIRST OBTAINING LEAVE OF THE COURT.** 28 U.S.C. § 1651. If entered, that Order will limit plaintiff's filings as follows: If plaintiff wishes to commence a new *in forma pauperis* complaint, it must be filed along with a request for leave to file the complaint, and the Clerk of Court will be directed to open it under a miscellaneous number. Unless the Court enters an Order authorizing the case to go forward within 90 days, at which point it will be assigned a civil case number, the Clerk shall close the miscellaneous matter without further Court Order. Plaintiff is advised that her failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring plaintiff from filing any new *in forma pauperis* complaint unless it is accompanied by a request

for leave to file the complaint and the Clerk of the Court shall return to plaintiff, without filing, any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear only the docket number of this consolidated action, 18-CV-3659(JMA)(AKT).

Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, *see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . ."), and should she file another incoherent, frivolous action, it is within the Court's authority to consider imposing sanctions upon her. *See* FED. R. CIV. P. 11. Given that plaintiff is disruptive on her lengthy and frequent visits to the Court,[3] the Court may also enjoin plaintiff from personally filing any papers at the Court and may require that all future submissions from plaintiff be sent to the Court through the mail. While the Court is hesitant to limit access to the courthouse door to plaintiff, the assistance she needs and has sought is not to be found here and her abuse of judicial resources is clearly excessive.

## CONCLUSION

For the reasons set forth above, because none of the present complaints allege a plausible claim against any defendant, they are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained above, the Court **ORDERS PLAINTIFF TO SHOW CAUSE, BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER TO SHOW CAUSE, WHY AN ORDER SHOULD NOT BE ENTERED BARRING THE**

---

[3] Plaintiff frequently visits and calls the Court, is often agitated, and yells at Clerk's Office staff or cries uncontrollably. Plaintiff also regularly demands "to see the judge now." In addition, she has yelled at other litigants in the Clerk's office and has accused them of following her. This behavior is disruptive to the overall operations of the Clerk's Office.

**ACCEPTANCE OF ANY FUTURE *IN FORMA PAUPERIS* COMPLAINT FOR FILING IN THIS COURT WITHOUT FIRST OBTAINING LEAVE OF THE COURT**. Plaintiff is advised that her failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring plaintiff from filing any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint and the Clerk of the Court shall return to plaintiff, without filing, any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear only the docket number of this consolidated action, 18-CV-3659(JMA)(AKT).

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, and should she file another incoherent, frivolous action, it is within the Court's authority to consider imposing sanctions upon her, including an injunction enjoining plaintiff from personally filing any papers at the Court and may require that all future submission from plaintiff be sent to the Court through the mail.

Although nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Filing Injunction Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should plaintiff seek leave to appeal *in forma pauperis*, such status is DENIED for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close these consolidated cases and to leave open only 18-CV-3659(JMA)(AKT) in order to allow plaintiff to file her response to the Order to Show Cause.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Show Cause the *pro se* plaintiff at her address of record, 128 Poospatuck Lane, Mastic, NY 11950.

**SO ORDERED.**

Dated: November 16, 2018
      Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge