For Online Publication Only

FILED
CLERK
3/15/2019 11:35 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KAREN TAYLOR,

                Plaintiff,

   -against-

UNKECHEUG NATION, et al.,

                Defendants.
----------------------------------------------------------X

**FILING INJUNCTION ORDER**
18-CV-3659(JMA)(AKT)

JOAN M. AZRACK, District Judge:

       By Memorandum and Order to Show Cause dated November 16, 2018 (the "Order"), the Court granted the applications of *pro se* plaintiff Karen Taylor ("plaintiff") to proceed *in forma pauperis* in three (3) of her cases[1] and that were consolidated under docket number 18-3659(JMA)(AKT) and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff was ordered to file an affidavit within thirty (30) days from the date of the Order showing cause why an order should not be entered barring her from filing any new *in forma pauperis* complaint without first seeking leave of Court. The Order directed that "[p]laintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear only the docket number of this consolidated action, 18-CV-3659(JMA)(AKT)." (*See* Order at 8.)

       Plaintiff was warned that her failure to file an affidavit in accordance with the Order will lead to the entry of an Order that would limit plaintiff's filings as follows: If plaintiff wishes to file a new *in forma pauperis* complaint, it must be filed along with a request for leave to file the complaint, and the Clerk of Court will be directed to open it under a miscellaneous number. Unless the Court enters an Order authorizing the case to go forward within 90 days, at which point

---

[1] In addition to the present case, the other cases are Taylor v. Morrison, et al., 18-CV-3866, and Taylor v. Siben & Siben, LLP et al., 18-CV-4548.

it will be assigned a civil case number, the Clerk shall close the miscellaneous matter without further Court Order. Plaintiff was also advised that her failure to file an affidavit in accordance with the Order will lead to the entry of an order barring plaintiff from filing any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint and the Clerk of the Court shall return to plaintiff, without filing, any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint. (*See* Order, 7-10.)

To date, plaintiff has not filed an affidavit in response to the Order. Rather, approximately three months after the deadline to submit her affidavit, plaintiff filed an eleven-page letter, dated February 20, 2019, bearing only docket number 18-CV-3866. (*See* Docket Entry No. 10.) Plaintiff's submission is a nonsensical diatribe against people and places having nothing to do with this case. Accordingly, for the reasons set forth above and in the Order, it is now ORDERED that: (1) Plaintiff is ENJOINED from filing any new *in forma pauperis* complaint in this Court without first seeking leave of Court; (2) the Clerk of the Court is DIRECTED to return to plaintiff, without filing, any new *in forma pauperis* complaint if it is received without a separate application seeking leave to file; (3) if plaintiff seeks leave to file a new *in forma pauperis* complaint along with a request for leave to file the complaint, the Clerk of Court will be directed to open it under a miscellaneous number. Unless the Court enters an Order authorizing the case to go forward within 90 days, at which point it will be assigned a civil case number, the Clerk shall close the miscellaneous matter without further Court Order.

Plaintiff is WARNED that the continued submission of frivolous civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. 28 U.S.C. § 1651(a); *Malley v. Corp. Counsel of the City of N.Y.*, 9 F.

App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1,500 sanction on *pro se* litigant for filing repetitive, frivolous complaints).

Although nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Filing Injunction Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, should plaintiff seek leave to appeal *in forma pauperis*, such status is DENIED for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this order to plaintiff and to close this case.

SO ORDERED.

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

Dated: March 15, 2019
Central Islip, New York